UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON MOORE,

                Petitioner,                Case Number 2:09-CV-13862
                                      Honorable Lawrence P. Zatkoff

v.

JOHN PRELESNIK,

                Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

      This matter is before the Court on Petitioner Brandon Moore's petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254.  Petitioner is serving a life sentence for his Wayne County Circuit Court conviction for first-degree murder, MICH. COMP. LAWS 750.316, and commission of a felony with a firearm. MICH. COMP. LAWS 750.227b.  For the reasons that follow, the Court denies the petition and denies a certificate of appealability.

### I. Facts and Procedural History

      This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> This case stems from the June 26, 2001, shooting death of Darrell Scott outside a Detroit home that Scott shared with defendant's brother.  Defendant had recently been forced to move out of the home by his brother, but had returned in an attempt to again stay there.  According to defendant's statement to police, he had an altercation with Scott at the home and left.  Defendant later returned with a gun to retrieve his portable radio from the porch of the home.  Scott approached defendant on the sidewalk as defendant neared the home and began harassing defendant. Defendant also claimed that he shot Scott because that was the only way he could get Scott off him.  Defendant later claimed that the statement to police was incorrect and was coerced.

*People v. Moore*, 2004 Mich. App. LEXIS 2290, *1-2 (Mich. Ct. App. Aug. 31, 2004).

Petitioner appealed his conviction to the Michigan Court of Appeals, raising the following claims:

> I. Defense trial counsel was constitutionally ineffective in failing to move to suppress appellant's coerced statement to the police.
>
> II. The trial court should have suppressed appellant's written statement where the police failed to make an audio or video recording of their interrogation.
>
> III. The trial court violated appellant's due process rights by refusing to instruct the jury on either perfect or imperfect self-defense.
>
> IV. The police violated appellant's due process rights by failing to preserve a key trial exhibit during the pendency of appellant's direct appeal.

The state appellate court remanded the case to the trial court to hold an evidentiary hearing on his claim of ineffective assistance of counsel. The trial court found that Petitioner was not denied the effective assistance of counsel. The Michigan Court of Appeals thereafter affirmed Petitioner's conviction in an unpublished opinion. *Id.* Petitioner then filed an application for leave to appeal in the Michigan Supreme Court that raised the same four claims. The state supreme court denied leave to appeal. *People v. Moore*, 472 Mich. 943, 698 N.W.2d 401 (2005).

Petitioner then filed a motion for relief from judgment in the trial court, raising the following claims:

> I. Petitioner Moore was denied due process of law under the federal and state constitutions because there was insufficient evidence at trial to sustain a guilty verdict of premeditated murder and the verdict was against the great weight of the evidence.
>
> II. Petitioner Moore was denied a fair trial when the prosecutor repeatedly engaged in misconduct by arguing for a conviction based on sympathy for the deceased.
>
> III. Petitioner Moore was denied his right to effective assistance of counsel when his

-2-

trial attorney: (1) improperly introduced evidence that the prosecutor's office had reviewed the case and authorized a charge of first-degree premeditated murder, (2) failed to object to the prosecutor's improper remarks to the jury, and (3) failed to object to an erroneous jury instruction regarding inferring intent.

IV. Petitioner Moore was denied due process of law and a fair trial when the jury was instructed that they could infer an intent to kill for first degree murder from the use of a dangerous weapon.

V. The cumulative effect of the errors committed during Petitioner's trial required relief because he did not receive a fair trial under the state and federal constitutions.

VI. Petitioner Moore has established an entitlement to relief from the judgment of his conviction and sentence by demonstrating good cause for the failure to raise his present claims on direct appeal or in a prior motion and, actual prejudice from the alleged irregularities in this criminal process.

The trial court denied the motion in an opinion and order dated March 13, 2007. Petitioner appealed this decision to the Michigan Court of Appeals, but his application for leave to appeal was denied "for failure to establish entitlement to relief under Michigan Court Rule 6.508(D)." *People v. Moore*, No. 283907 (Mich. Ct. App. July 3, 2008). Petitioner appealed this decision to the Michigan Supreme Court, but it denied relief with citation to the same court rule. *People v. Moore*, 764 N.W.2d 221 (Mich. 2009).

Petitioner's application for habeas relief in this court raises the following claims:

I. Petitioner Moore was denied his right to effective assistance of counsel when his trial attorney: (1) failed to move to suppress his coerced statement to the police, (2) improperly introduced evidence that the prosecutor's office had reviewed the case and authorized a charge of first-degree premeditated murder, (3) failed to object to the prosecutor's improper remarks to the jury, and (4) failed to object to an erroneous jury instruction regarding inferring intent.

II. Petitioner Moore was denied due process when the trial court (1) refused to instruct the jury on perfect or imperfect self-defense, and (2) instructed that they could infer an intent to kill for first degree murder from the use of a dangerous weapon.

-3-

III. Petitioner Moore was denied due process of law under the federal constitution because there was insufficient evidence at trial to sustain a guilty verdict

IV. The police violated Petitioner's due process rights by failing to preserve a key trial exhibit during the pendency of Petitioner's direct appeal.

V. Petitioner Moore was denied a fair trial when the prosecutor repeatedly engaged in misconduct by arguing for a conviction based on sympathy for the deceased.

## II. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court

-4-

decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862, (2010)(*quoting Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997)); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam).

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, No. 2011 WL 148587, * 11 (U.S. 2011)(*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Even where a state court does not explain the rationale for its decision to reject a claim on the merits, "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*  "[I]f this standard is difficult to meet, that is because it was meant to be." *Richter*, 131 S. Ct. 786.

### III. Analysis

#### A.  Ineffective Assistance of Counsel

Petitioner first claims that he was denied the effective assistance of counsel at trial.  He asserts that his counsel: (1) failed to move to suppress his statement to police; (2) introduced evidence that the prosecutor's office authorized the charges; (3) failed to object to prosecutorial misconduct; and (4) failed to object to erroneous jury instructions.  Respondent contends that the first allegation of ineffective assistance of counsel was reasonably adjudicated by the state courts during Petitioner's direct review, and he asserts that Petitioner's remaining allegations of ineffective

assistance are barred from review by Petitioner's failure to present them to the state courts during his direct appeal.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

As to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy. *Id.* at 689.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The Supreme Court has recently confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.* at 788.

Petitioner's first allegation of ineffective assistance of counsel asserts that his counsel failed to file a motion to suppress his statement to police. This claim was raised on direct appeal, and after the state appellate court remanded the case, an evidentiary hearing was held in the trial court at which the officers involved in Petitioner's interrogation, Petitioner's trial counsel, and Petitioner himself testified. Following the hearing, the trial court made the following pertinent findings:

> The evidence clearly shows that Smith [defense counsel] knew of Moore's statement to Potts. He conferred with Moore about the statement and determined, based on what Moore told him, that Moore was not struck, beaten, coerced, or otherwise forced into making the statement. Smith examined the discovery material, including the defendant's statement, and the interrogation record. It is clear Smith considered bringing a motion to suppress defendant's statement and did not err in failing to move to suppress Moore's statement on the basis now claimed by Moore.

> That decision is simply trial strategy. Moore provided no legal basis upon which to suppress the statement. Smith used the statement to present a defense, given two hours after Moore's arrest, a defense that contradicted McGlowin's testimony and was corroborated by the testimony of both Warren and Dominic Moore. That Moore was cooperative and feared Scott; and Moore's statement also undermined McGlowin's testimony, insofar as McGlowin said that Moore waited for Scott to come out of the house and then shot him. Moreover, Moore's statement showed Moore feared Scott because of a recent prior assault (the night before the murder) and, that Scott struck Moore immediately before the shooting. Based upon this statement, Moore sought, and received, an instruction on the lesser offense of

-7-

manslaughter.

> The court had the opportunity to observe the demeanor of all the witnesses as they testified on the witness stand.  The court concludes Moore's version of how the confession was taken, and that he was slapped into signing the statement, is simply not credible.  Nor is it consistent with the physical evidence.

Petitioner's Exhibit J, at 13-14.

Petitioner pursued the issue with the Michigan Court of Appeals, but giving deference to the

state trial court's findings, the state appellate court rejected the claim as follows:

> Defendant first asserts that trial counsel was ineffective for failing to file a motion to suppress his custodial statement.  On appeal, defendant asserted that he informed his trial counsel that his statement was coerced, that the sentence stating that he retrieved a gun from a friend's home at 48 Louise Street and shot Scott in the side was incorrect, and that he only signed the statement out of fear because the officer slapped him in the face.

> This Court granted defendant's motion to remand for a *People v. Ginther*, 212 N.W.2d 922 (Mich. 1973) hearing.  The trial court conducted a four-day hearing. The trial court denied defendant's motion for a new trial on the basis of ineffective assistance of counsel.  The court found defendant was not a credible witness and that his version of the events was not supported by the evidence.  Further, defense counsel's failure to seek suppression of defendant's statement was a matter of trial strategy because the statement supported defendant's claim of self-defense.  In addition, because defendant's statement provided evidentiary support for the argument that defendant was provoked by the victim, the trial court instructed the jury on the lesser offense of manslaughter.  Accordingly, the court concluded that defendant failed to establish that trial counsel's performance was deficient or that defendant was prejudiced by trial counsel's performance.

### A

> "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v. LeBlanc*, 640 N.W.2d 246 (Mich. 2002).  "A judge must first find the facts, and then must decide whether those facts constitute a violation of the defendant's constitutional right to effective assistance of counsel." *Id*.  This Court reviews a trial court's findings of fact for clear error. *Id.* We review de novo questions of constitutional law. *Id.*

> To establish a denial of effective assistance of counsel, a defendant must show that

-8-

his counsel's performance was deficient, under an objective standard of reasonableness, and that the deficient performance prejudiced defendant so as to deprive him of a fair trial. *People v. Carbin*, 623 N.W.2d 884 (Mich. 2001); *People v. Garza*, 631 N.W.2d 764 (Mich. App. 2001). To demonstrate prejudice, a defendant must establish a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Carbin*, *supra* at 600. Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise. *Garza*, *supra* at 255. "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *Id.*

B

We first note that although defendant claims on appeal that he was dissatisfied with counsel's performance during the trial because his counsel refused to file a motion to suppress defendant's statement, this assertion is not supported by the record. Defendant did express dissatisfaction with trial counsel at the pretrial hearing because counsel did not file a motion to suppress the statement. However, by the next hearing, defendant stated on the record that he had an opportunity to speak with counsel and had resolved any issue concerning the motion. Regardless, we conclude that defendant was not denied the effective assistance of counsel.

Trial counsel's testimony at the *Ginther* hearing established that his main strategy was to obtain an acquittal or, alternatively, to convince the jury that defendant was not guilty of first-degree murder, but merely manslaughter, on a theory of self-defense. As the trial court noted in its opinion, trial counsel maintained that defendant did not indicate that his statement was coerced. Counsel testified that defendant did not claim that the statement was incorrect, but only that the statement was obtained through trickery, which was not a basis for suppression. In counsel's view, defendant's custodial statement was essential to his defense because it showed that the shooting was not premeditated and it established his theory of imperfect self-defense by showing that the victim was a bully who was much larger than defendant and threatened him, and thus defendant fired the gun in self-defense.

We concur with the trial court's conclusion that defense counsel's decision not to seek suppression of the statement was a matter of trial strategy. This Court will not attempt to second-guess decisions concerning trial strategy. *People v. Stewart (On Remand)*, 219 Mich. App. 38, 42; 555 N.W.2d 715 (1996). The fact that counsel's strategy was unsuccessful does not constitute ineffective assistance. *Id.*

*Moore*, 2004 Mich. App. LEXIS 2290, *2-6.

This is the epitome of a reasonable state court adjudication of an ineffective assistance of

counsel claim. Petitioner raised a claim that his counsel was ineffective based on facts that were not part of the record. The appellate court remanded the case for an evidentiary hearing. The trial court conducted a four-day hearing in which all the relevant witnesses testified. Trial counsel gave his strategic reasons for not challenging the admissibility of Petitioner's statement, which were based on the version of events given to him by Petitioner. The officers testified as to their accounts of Petitioner's interrogation. Petitioner then gave his account of his discussion with his counsel and his interrogation, which conflicted with the other testimony. The trial court, after viewing the testimony, chose not to believe Petitioner's account. Based on its factual findings, the court found that counsel did not perform deficiently because there was no legal basis to challenge Petitioner's statements. The state appellate court, after reciting the correct constitutional standard, rejected the claim based on the facts established in the trial court. Quite simply, the state court did everything *Strickland* required it to do, and the basis of its decision falls well within the range of reasonable state court adjudications shielded by 2254(d).

The analysis of Petitioner's remaining allegations of ineffective assistance of counsel is more complicated. Respondent asserts that they are barred from review because of Petitioner's procedural default. Under the procedural default doctrine, federal habeas review is barred where a state court declined to address a petitioner's claims because of a failure to satisfy state procedural requirements. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Where a petitioner's claims have been procedurally defaulted, the state court judgment rests on an independent and adequate state ground precluding review by a federal court. *See Coleman*, 501 U.S. at 750-51. If a claim has been procedurally defaulted, federal habeas review is available only if the petitioner can establish either (1) the existence of cause for his default and actual prejudice resulting therefrom, or (2) that the

-10-

failure to consider the merits of the claim will result in a fundamental miscarriage of justice. *See*

*Williams v. Bagley*, 380 F.3d 932, 966 (6th Cir. 2004) (citing *Coleman*, 501 U.S. at 750).

Petitioner raised his remaining allegations of ineffective assistance of counsel in his motion

for relief from judgment. The trial court declined to review the allegations by relying on Michigan

Court Rule 6.508(D)(2)[1]:

> Moore seeks to raise the same legal "ground," ineffective assistance of counsel, which was already decided against Moore in both the prior motion and appeal. Therefore, this court is preluded from granting relief under the plain language of the court rule. MICH. CT. R. 6.508(D).

Petitioner's Exhibit E, at 11.

The state appellate courts then denied relief by citing Michigan Court Rule 6.508(D), which

the Sixth Circuit has held is an unexplained order that is presumptively based on the ground relied

upon by the trial court. *See Guilmette v. Howes*, 624 F.3d 286, 291-92 (6th Cir. 2010) (en banc).

Here, the trial court relied on Rule 6.508(D)(2) to deny Petitioner relief on his new

ineffective assistance of counsel claims. Normally, a state court's reliance on this rule will not

constitute a procedural default because it is merely a collateral estoppel rule which prohibits a trial

court from reconsidering a claim that was already decided against a defendant on direct appeal. *See,*

*e.g., Knight v. Wolfenbarger*, 2011 U.S. Dist. LEXIS 82756 (E.D. Mich. July 28, 2011) ("Because

the state courts previously decided this claim on the merits, the trial court's invocation of a rule

---

[1]Michigan Court Rule 6.508 governs motions for relief from judgment and provides that the movant "bears the burden of establishing entitlement to relief." MICH. CT. R. 6.508(D). The rule also sets forth three procedural situations in which relief will not be granted: (1) where an appeal relating to the conviction is pending; (2) where the claim has already been ruled upon in a prior appeal or post-conviction motion; and (3) where the claim could have been raised in a prior appeal or post-conviction motion but was not. See MICH. CT. R. 6.508(D)(1)-(3).

-11-

barring relitigation of the claim does not create a procedural bar to the claim in this action."); *David v. McQuiggin*, 2011 U.S. Dist. LEXIS 59535 ( E.D. Mich. June 3, 2011) ("[T]he trial court rejected several of Petitioner's claims pursuant to Michigan Court Rule 6.508(D)(2), on the ground that these claims had been raised in Petitioner's direct appeal and had been rejected . . . . Because the last reasoned state court decision rejected Petitioner's claims on the merits, this Court concludes that none of Petitioner's claims are procedurally defaulted.").  The rationale for not considering these claims to be defaulted is that a claim that is properly preserved during a direct appeal and decided on the merits does not become defaulted simply because the petitioner attempted to litigate the claim a second time in state court. *See Morse v. Trippett*, 102 F. Supp. 2d 392, 402 (E.D. Mich. 2000) ("Because Petitioner's ... claims were considered on the merits in Petitioner's [direct appeal], there is no bar to habeas review of these claims.").

This rationale does not apply here.  Petitioner's new allegations were not decided against him on the merits in his direct appeal.  Petitioner's presentation of one allegation of ineffective assistance of counsel during his direct appeal did not serve to fairly present the state courts with an opportunity to address his new allegations, and therefore the new allegations were not exhausted during that proceeding. *Wagner v. Smith*, 581 F. 3d 410, 415-16 (6th Cir. 2009).  In other words, Petitioner did not exhaust his new allegations of ineffective assistance of counsel during his direct appeal, and under the trial court's interpretation of Rule 6.508(D)(2), a procedural rule independent of federal law, he was prevented from presenting these new allegations in his motion for relief from judgment. Because the new allegations were never fairly presented to the state courts, and because Petitioner no longer has a procedure available to present them to the state courts, the claims are defaulted. *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995).

-12-

Petitioner did not file a responsive brief to Respondent's answer, and therefore he has not attempted to demonstrate cause and prejudice to excuse his default. But even if he had, the new allegations do not provide a basis for granting habeas relief because they are meritless.

Petitioner asserts that his counsel was ineffective because he introduced evidence that the prosecutor authorized the first-degree murder charge. During the cross-examination of Officer Potts, defense counsel attempted to elicit testimony that Potts was surprised that the prosecutor had authorized the first-degree murder charge. T III, at 5-7. Defense counsel got as far as eliciting testimony that Potts himself did not suggest the charge, but when he was asked whether he was surprised by the charges, the prosecutor's objection on relevancy grounds was sustained. Even if defense counsel performed deficiently by exploring this line of questioning, Petitioner cannot demonstrate prejudice. To do so, he must show a reasonable probability that the outcome of his trial would have been more favorable absent the deficient performance. But the jury could hardly have been surprised to learn that the prosecutor had authorized the charge – they were being asked by the prosecutor to find Petitioner guilty of that charge. Indeed, and as routinely occurs in criminal trials, Petitioner's jury was instructed at the beginning of trial that the prosecutor alleged that Petitioner had committed the charged crimes. T 2/27/02, at 152.

Petitioner also alleges that his counsel should have objected to alleged acts of prosecutorial misconduct and failed to object to an erroneous jury instruction. As will be discussed below, however, the objections would have been futile because the underlying claims are without merit. Trial counsel's failure to object to the testimony of Officer Barnes that he was familiar with Petitioner's appearance from a prior occassion was not prejudicial. The testimony did not indicate or suggest that Petitioner had been in trouble with the police before. There are any number of

reasons police officers come in contact with individuals.  Petitioner's counsel was not ineffective for failing to raise a meritless objection.

Accordingly, Petitioner's first allegation of ineffective assistance of counsel was reasonably rejected by the state court during his direct appeal, and his remaining allegations are barred from review.  Even if the remaining allegations were not barred, those claims would fail because Petitioner has not demonstrated that his counsel was ineffective for failing to object to the alleged errors.

### B. Jury Instructions

Petitioner's second claim asserts that the trial court erroneously refused to instruct the jury on imperfect self-defense, and improperly instructed the jury that they could infer an intent to kill based on Petitioner's use of a dangerous weapon.

Generally, claims of erroneous jury instructions are not cognizable in federal habeas review unless the instruction "'so infected the entire trial that the resulting conviction violates due process.'" *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). It is not enough to show that an instruction was incorrect under state law. *McGuire*, 502 U.S. at 71-72.  The instruction "may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Id.* at 147.  "To warrant habeas relief, jury instructions must not only have been erroneous, but also, taken as a whole, so infirm that they rendered the entire trial fundamentally unfair." *Doan v. Carter*, 548 F.3d 449, 455 (6th Cir. 2008) (quoting *Austin v. Bell*, 126 F.3d 843, 846-47 (6th Cir.1997) (internal quotation marks omitted)).

The Michigan Court of Appeals rejected Petitioner's claim regarding the failure to instruct on self defense as follows:

-14-

In defendant's next claim of error, he asserts that the trial court erred by refusing to give a self-defense instruction concerning "perfect" or "imperfect" self-defense. We disagree. This Court generally reviews de novo claims of instructional error. *People v. Lowery*, 673 N.W.2d 107 (Mich. App. 2003). "Jury instructions are to be read as a whole rather than extracted piecemeal to establish error." *People v. Kurr*, 654 N.W.2d 651 (Mich. App. 2002). "Even if somewhat imperfect, instructions do not warrant reversal if they fairly presented the issues to be tried and sufficiently protected the defendant's rights." *Id.*

"A criminal defendant is entitled to have a properly instructed jury consider the evidence against him." *People v. Riddle*, 649 N.W.2d 30 (Mich. 2002). Jury instructions must include the charged offense elements and must not exclude material issues, defenses, and theories if supported by the evidence. *Kurr*, *supra* at 327; *People v. Canales*, 624 N.W.2d 439 (Mich. App. 2000).

The first requirement of a claim of self-defense or defense of others is that a defendant act in response to an assault. *Detroit v. Smith*, 597 N.W.2d 247 (Mich. App. 1999). A "perfect" self defense instruction is warranted if there is evidence that the killing of another person was justifiable homicide, i.e., if the defendant honestly and reasonably believes his life is in imminent danger or that there is a threat of serious bodily harm and that it was necessary to exercise deadly force to prevent such harm. *Riddle*, *supra* at 119, 127; *People v. Kemp*, 508 N.W.2d 184 (Mich. App. 1993). To satisfy the necessity element of self-defense, the actor must normally try to avoid the use of deadly force if he can safely and reasonably do so, for example, by applying nondeadly force or by utilizing an obvious and safe avenue of retreat. *Riddle*, *supra* at 119.

"Imperfect" self-defense is a qualified defense that can mitigate murder to voluntary manslaughter. *People v. Kemp*, 508 N.W.2d 184 (Mich. App. 1993). Where the defense is applicable, it serves as a method of negating the malice element of a murder charge. *Id.* The doctrine is usually invoked when the defendant would have had a claim of self-defense had he not been the initial aggressor. *Id.*

After a review of the record, we conclude that the evidence did not support a self-defense instruction. Defendant's statement, if believed, arguably is evidence that defendant acted in response to an assault by the victim, who was advancing on defendant. However, the evidence did not support a finding that defendant honestly and reasonably believed his life was in imminent danger or that there was a threat of serious bodily harm and that it was necessary to exercise deadly force to prevent such harm. Defendant stated: Then he swung on me. He hit me with his fist in the face and chest. I tried to keep walking and ignore him, but he came after me again and tried to grab me. I pulled out the gun and shot him once in the side. (Emphasis added.) The victim's attempt to "grab" defendant does not support a conclusion that defendant honestly and reasonably believed that deadly force was necessary to

-15-

prevent harm to himself. More importantly, if defendant feared the victim, he had the option of not returning to the area or of fleeing when he saw the victim approaching on the sidewalk. "The touchstone of any claim of self-defense, as a justification for homicide, is necessity." *Riddle*, *supra* at 127 (emphasis in original). Accordingly, the trial court did not err in denying the request for a self-defense instruction. *Canales*, *supra* at 574.

*Moore*, 2004 Mich. App. LEXIS 2290, *6-10.

This decision was not contrary to, and did not involve an unreasonable application of, clearly established Supreme Court law. It is well established that the failure to give a self-defense instruction "does not deprive the defendant of his constitutional right to due process if the evidence produced during trial was insufficient to warrant such an instruction." *Allen v. Morris*, 845 F.2d 610, 617 (6th Cir. 1988); *see also, Gimotty v. Elo*, 40 F. App'x 29, 33-34 (6th Cir. 2002). The Michigan Court of Appeals determined here that the trial court properly denied Petitioner's request for a jury instruction of self defense based on its state-law determination that the facts of the case did not warrant the instruction. The state courts are the ultimate expositors of state law in federal habeas proceedings. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). The state court found there were not facts offered into evidence by either the prosecutor or the defendant at trial to suggest that the victim could have had a reasonable belief of imminent danger, before he shot the victim. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68. Accordingly, the decision of the state court–which hinged on its application of Michigan self-defense law to the facts of this case–cannot be found to have violated federal law.

Petitioner also claims that the instruction allowing for the jury to infer an intent to kill from the use of a dangerous weapon was erroneous. This claim was not raised during Petitioner's direct appeal, and was therefore not decided on the merits in that proceeding. Rather, the claim was first

-16-

raised in Petitioner's motion for relief from the judgment. The trial court relied on an independent and adequate state procedural ground for denying relief. It found that Petitioner failed to demonstrate good cause and actual prejudice for failing to raise the issue during his direct appeal, specifically citing to Michigan Court Rule 6.508(D)(3). Accordingly, the allegation is barred from review by Petitioner's failure to comply with this state procedural rule. *See, Guilmette, supra*; *Whitman v. Palmer*, 2011 U.S. Dist. LEXIS 85472 ( E.D. Mich. Aug. 3, 2011).

Alternatively, Petitioner's claim that the instructions erroneously allowed the jury to infer an intent to kill from the use of a dangerous weapon is without merit. A challenged instruction must not be judged in isolation but must be considered in the context of the entire jury charge. *Jones v. United States*, 527 U.S. 373, 391 (1999). Further, any ambiguity, inconsistency or deficiency in a jury instruction does not by itself necessarily constitute a due process violation. *Waddington v. Sarausad*, 555 U.S. 179 (2009). Under Michigan law, first-degree premeditated murder is distinguished from second-degree murder by the presence of a specific intent to kill. The instruction at issue informed the jury that it "may infer that the defendant intended the usual result that follows from the use of a dangerous weapon." Therefore, it did speak to the lesser forms of malice sufficient to satisfy second-degree murder but not first-degree murder. But Petitioner's argument ignores the fact that the jury was also instructed on the lesser offense of second-degree murder. Therefore, reading the instructions as a whole, they accurately described the requirements of Michigan law. *See People v. Wade*, 1999 Mich. App. LEXIS 538, *8-9 (Mich. Ct. App. June 1, 1999).

Accordingly, Petitioner has not demonstrated entitlement to habeas relief based on his second claim.

## C.  Sufficiency of the Evidence

Petitioner's third claim asserts that insufficient evidence was presented at his trial to sustain his conviction for first-degree murder.  Respondent correctly asserts that this claim is procedurally defaulted under Michigan Court Rule 6.508(D)(3) because the state trial court relied upon that rule to deny Petitioner relief with respect to this claim.  Even assuming the claim was not defaulted, however, habeas relief would nevertheless be denied because the claim is without merit.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970).  On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found  the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).  In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006)(quoting *Jackson*, 443 U.S. at 324 n.16).  "A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003)(citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)).  "The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim." *Matthews*, 319 F.3d at 788-89.

To constitute first-degree murder in Michigan, the state must establish that a defendant's intentional killing of another was deliberated and premeditated. *See Scott v. Elo*, 302 F.3d 598, 602 (6th Cir. 2002)(citing *People v. Schollaert*, 486 N.W.2d 312, 318 (Mich. App. 1992)).  The elements

of premeditation and deliberation may be inferred from the circumstances surrounding the killing. *See Johnson v. Hofbauer*, 159 F. Supp. 2d 582, 596 (E.D. Mich. 2001)(citing *People v. Anderson*, 531 N.W.2d 780 (Mich. App. 1995)). The interval between the thought and action should be long enough to give a reasonable person sufficient time to subject his actions to a "second look" in order to prove premeditation and deliberation. *See Alder v. Burt*, 240 F. Supp. 2d 651, 663 (E.D. Mich. 2003)(citing *People v. Morrin*, 187 N.W.2d 434 (Mich. 1971)). "A few seconds between the antagonistic action between the defendant and the victim and the defendant's decision to murder the victim may be sufficient to create a jury question on the issue of premeditation." *Id.* Therefore, a sufficient time lapse to provide an opportunity for a "second look" may be merely seconds, minutes, or hours or more, dependant on the totality of the circumstances surrounding the killing. *See People v. Berthiaume*, 229 N.W.2d 497 (Mich. App. 1975).

Here, ample evidence was presented to allow the jury to find beyond a reasonable doubt that Petitioner intentionally killed the victim with premeditation and deliberation. The evidence showed that Petitioner was upset with the victim because the victim would not let him stay at the house he was supposed to have inherited. Petitioner's brother Dominic had told him that he could stay at the house, but his other brother Warren had told him that he could not stay there. The victim, who was residing at the house, apparently chided and threatened to beat Petitioner when he attempted to stay at the house. Viewed most favorably to the prosecution, the evidence showed that Petitioner then retrieved a handgun from a house on Louise Street and returned to his family's house. According to a jail-house informant, who the jury could have chosen to believe, when Petitioner returned to the house he chased the victim down the street and shot him twice and "blew his head off." And in fact, the victim was shot once in the back and once in the head, and his body was located down the street

-19-

from the house.  The evidence was therefore sufficient to allow the jury to find that Petitioner acted with premeditation and deliberation when he returned to the house, chased the victim, and shot him to death.  Petitioner's third habeas claim is procedurally defaulted and without merit.

### D.  Preservation of Trial Exhibit

Petitioner's fourth habeas claim asserts that his due process rights were violated when the prosecutor and police failed to preserve the photograph of Petitioner's face admitted at trial. Petitioner contends that the photograph was relevant to his claim that he was beaten by the police to obtain his statement.

"Separate tests are applied to determine whether the government's failure to preserve evidence rises to the level of a due process violation in cases where material exculpatory evidence is not accessible, *see California v. Trombetta*, 467 U.S. 479, 489 (1984), versus cases where 'potentially useful' evidence is not accessible." *United States v. Wright*, 260 F.3d 568, 570 (6th Cir. 2001) (*citing Arizona v. Youngblood*, 488 U.S. 51, 58 (1988)).

A defendant's due process rights are violated where material exculpatory evidence is not preserved. *Trombetta*, 467 U.S. at 489.  For evidence to meet the standard of constitutional materiality, it "must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Id*. at 488-89.  The destruction of material exculpatory evidence violates due process regardless of whether the government acted in bad faith. *See id*. at 488; *Youngblood*, 488 U.S. at 57.

However, "the Due Process Clause requires a different result when [] deal[ing] with the failure of the State to preserve evidentiary material of which no more can be said than that it could

have been subjected to tests, the results of which might have exonerated the defendant."

*Youngblood*, 488 U.S. at 57.  "[U]nless a criminal defendant can show bad faith on the part of the

police, failure to preserve potentially useful evidence does not constitute a denial of due process of

law." *Id.* at 58. A habeas petitioner has the burden of establishing that the police acted in bad faith

in failing to preserve potentially exculpatory evidence. *See Malcum v. Burt*, 276 F.Supp.2d 664, 683

(E.D. Mich. 2003).

> Here, the Michigan Court of Appeals rejected Petitioner's fourth claim as follows:
> In defendant's last claim of error, he argues that he is entitled to a new trial because
> the police violated his due process rights by failing to preserve a key trial exhibit
> during the pendency of his direct appeal.  Again, we disagree.  This issue was not
> raised before the trial court or in defendant's original brief on appeal.  Instead,
> defendant raises the issue following remand for the *Ginther* hearing.  Defendant
> claims that he was denied his right of due process on remand because a photograph
> of him following his arrest, and admitted as evidence at trial, could not be located for
> the *Ginther* hearing.
>
> We find no plain error affecting defendant's substantial rights. *People v. Carines*, 597
> N.W.2d 130 (Mich. 1999).  Defendant asserts that the photograph would have
> objectively disclosed whether he had a mark on his cheek before the police
> interview, and thus was relevant to his claim that he was slapped by the police to
> coerce his statement.  However, the record from the *Ginther* hearing indicates that
> defendant did not plan to introduce the photograph as an exhibit.  In any event, the
> trial court recollected the photograph as described, and there is no indication that the
> missing photograph affected the outcome of the hearing. *Carines*, *supra*.

*Moore*, 2004 Mich. App. LEXIS 2290, *10-11.

This decision is neither contrary to Supreme Court precedent nor an unreasonable application

of federal law or the facts.  Petitioner has not shown that the photograph would have altered the trial

court's decision that Petitioner's statement to the police was voluntarily made.  The record is devoid

of evidence that the police or prosecution authorities acted in bad faith–a necessary requirement to

establish a constitutional violation where the destroyed evidence was only potentially useful to the

defense.  Given such circumstances, Petitioner has failed to establish a constitutional violation.

-21-

Habeas relief is not warranted based on this claim.

### E.  Prosecutorial Misconduct

Petitioner's final claim asserts that the prosecutor committed misconduct by asking the jury to convict him based on sympathy for the victim.  Respondent again correctly notes that review of this claim is barred because the trial court relied on Michigan Court Rule 6.508(D)(3) to deny relief. But despite the default, any relief would be denied because the claim is without merit.

The United States Supreme Court has stated that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935).  When a petitioner seeking habeas relief makes a claim of prosecutorial misconduct, the reviewing court must consider that the touchstone of due process is the fairness of the trial, not the culpability of the prosecutor.  On habeas review, a court's role is to determine whether the conduct was so egregious as to render the entire trial fundamentally unfair. *Serra v. Mich. Dep't of Corrections*, 4 F. 3d 1348, 1355-1356 (6th Cir. 1993).  When analyzing a claim of prosecutorial misconduct, a court must initially decide whether the challenged statements were improper. *Boyle v. Million*, 201 F. 3d 711, 717 (6th Cir. 2000).  If the conduct is improper, the district court must then examine whether the statements or remarks are so flagrant as to constitute a denial of due process and warrant granting a writ. *Id.*  In evaluating prosecutorial misconduct in a habeas case, consideration should be given to the degree to which the challenged remarks had a tendency to mislead the jury and to prejudice the accused, whether they were isolated or extensive, whether they were deliberately or accidentally placed before the jury, and, except in the sentencing phase of a capital murder case, the strength of the competent proof against the accused. *Serra,* 4 F. 3d at 1355-56; *See also Simpson v. Warren,* 662 F. Supp. 2d 835, 853 (E.D. Mich. 2009).

Here, in her opening statement, the prosecutor described how the victim's mother learned of

her son's death.  Then, in rebuttal argument the prosecutor responded to defense counsel's argument

that a youthful Petitioner was duped by the older jailhouse informant by stating the following:

> Thirty seems pretty young too.  Let's talk about young Darrell Scott.  Thirty years
> old and he is dead.  He is gone, he was murdered, he was shot down in the street, he
> was assassinated by this man.

> Let's talk about poor Mr. Scott instead of young Brandon Moore, because this
> (indicating), this was Darrell Scott before Brandon Moore, and this is Darrell Scott
> after Brandon Moore. Any questions?

T III, at 169-170.

"Arguments that encourage juror identification with crime victims are improper." *Johnson

v. Bell*, 525 F.3d 466, 484 (6th Cir. 2008).  A prosecutor acts improperly when the prosecutor "calls

on the jury's emotions and fears–rather than the evidence–to decide the case." *Id.*  Although the

statement may have evoked some sympathy for the victim, the prosecutor did not ask the jury to

convict on that basis.  Rather, the prosecutor's closing arguments focused the jury's attention on the

evidence elicited at trial.  The Court finds that the complained-of portions of the prosecutor's

opening statement and closing argument did not render Petitioner's trial fundamentally unfair.

Habeas relief is not warranted on this claim.

### IV. Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28

U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A certificate of appealability may issue "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2).  When a district court denies a habeas claim on the merits, the substantial showing

threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37.  The Court concludes that a certificate of appealability is not warranted in this case because reasonable jurists could not debate the Court's assessment of Petitioner's claims.

## V. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

-24-

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  November 7, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 7, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290